**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Lisa McElveen, | Case No.: 2:20-cv-01226-JAD-NJK |
| Plaintiff | |
| v. | **Order Dismissing Case** |
| Aargon Agency, Inc. d/b/a Aargon Collection Agency | |
| Defendant | |

Previously I gave plaintiff Lisa McElveen until February 5, 2021, to show cause in writing why her claims against the defendant should not be dismissed without prejudice for failing to obey a court order.[1]  That deadline has passed, and McElveen has filed nothing since my order, including any response to the show-cause order.  District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[3] In resolving whether to dismiss an action on one of these grounds, district courts must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

---

[1] ECF No. 11.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement. And that warning was given here.[6] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

IT IS THEREFORE ORDERED that this case is **DISMISSED without prejudice** for failure to follow a court order and want of prosecution. The Clerk of Court is directed to ENTER JUDGMENT accordingly and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
February 10, 2021

---

[4] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[5] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[6] ECF No. 11.